UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3004-BO

SAMUEL L. BROWN,  )
    Plaintiff,  )
       )
v.  )    O R D E R
       )
ANTHONY HATHAWAY, et al.,  )
    Defendants.  )

Samuel L. Brown ("Brown"), an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. On September 29, 2009, after this court conducted a frivolity review, one claim survived (D.E. # 4). This claim related to the confiscation and loss of his property, including but not limited to, his religious materials and mail. Now before the court is a motion for summary judgment filed by defendants. Within the motion, defendants seek relief based on qualified immunity. Brown has responded to the pending motion, as well as filing multiple declarations (See docket sheet, declarations 1 -7, D.E. # 23 - 27, 39, and 45) and other filings (See docket sheet).

i.    Factual Background

On March 29, 2007, plaintiff was transferred to Bertie Correctional Institution. (Davis Aff., ¶ 5) Plaintiff alleges that on September 20, 2008, he was specifically confined within the custody of the Gray Intensive Control at Bertie. (Compl. and Davis Aff. ¶ 6) On that date a complete unit search was conducted. Id. It was at this time plaintiff contends that his personal property, including religious publications, academic publications, personal interest publications, legal papers, and other property was taken from his cell and lost or destroyed. (Compl.) He alleges another taking of legal mail on July 24, 2009. (First Decl. D.E. # 23)

The affidavits of defendant Ray C. Biggs and Willie L. Davis, who is not a party to the action, state that the property found in the search exceeded the amount of property a Bertie Inmate housed in Segregation was allowed to keep in his cell. (Davis Aff. ¶ 6)

The specific Standard Operating Procedures, Section .0407 provides all inmates assigned to Segregation may possess two cubic feet of personal property. (Id. and Exhibit B attached to Aff.) All personal property not allowed inside the assigned cell is to be placed in storage lockers on the Segregation Unit until the removal from Control Status or transfer from Bertie. The amount found in plaintiff's cell was so large, the property could not be maintained inside the storage lockers. (Id. ¶ 7) Due to the quantity of property, it was also found to be a fire hazard. (Id.) The confiscated property was placed into "approximately eight shipping bags." (Id., ¶ 8) Plaintiff was also allowed to maintain "a reasonable amount of his personal property." (Id.) The bags were stored in Defendant Gilliam's office which remained locked when unoccupied. (Id.) The property was transferred from the shipping bags into two boxes. (Id. ¶ 9) Policy "permitted [plaintiff] to possess legal papers relevant to any current or pending legal matter, but materials related to any other legal matters could be limited if the materials posed a threat to security, safety, sanitation, or a fire hazard." (Id. ¶ 8) Pursuant to policy, plaintiff was advised he could authorize "the destruction of the property, donate the property, mail it home, or mail the property to someone of his choice." (Id. ¶ 9) To begin, plaintiff refused to make a decision in regard to these options. (Id.) Therefore, the confiscated personal property remained in Defendant Gilliam's office for months. (Id. ¶ 9) On January 7, 2009, defendant Hathaway sent a letter to plaintiff giving plaintiff until January 31, 2009, to provide a valid address for the mailing of property or the property would be disposed. (Id. ¶ 10 and Ex. F) On January 17, 2009,

2

Correctional Officer Christopher Satchel completed a personal property inventory form. (Id. ¶11) Plaintiff signed the form which listed all the personal property which would be mailed to the address provided. (Id. ¶ 11) On February 19, 2009, the property was mailed to Lanso Seibel at 2410 Par Place, Durham, North Carolina 27702. ( Id. ¶ 13)

ii.  Discussion

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 587.

Defendants' raise the defense of qualified immunity which concludes this matter. Government officials are entitled to qualified immunity from civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers

v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The Fourth Circuit has recognized a two-pronged qualified immunity inquiry. First, the court must "decide whether a constitutional right would have been violated on the facts alleged." Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003). Second, assuming the right is violated, "courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Id. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, ___ U.S.___, 129 S. Ct. 808 (2009). A court has discretion to decide which step in the two-prong test to analyze first. Pearson, 129 S. Ct. at 821.

Plaintiff does not allege facts which breach constitutionally protected parameters on the part of defendants. Due process is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327, 328 (1986). Likewise, the negligent interference by prison officials with an inmates right to access to the courts does not state a cause of action under Section 1983. Pink v. Lester, 52 F.3d 73, 75-76 (4th Cir. 1995). However, inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Ex Parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). Legal mail generally may not be opened outside of the presence of the prisoner-addressee. Wolff v. McDonnell, 418 U.S. 539, 578 (1974). However, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim or show actual harm by the opening. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–54

4

(1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc); American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785-86 (4th Cir. 1993). Further, isolated incidents without negative consequences to plaintiff do not constitute a constitutional deprivation of one's rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (occasional accidental opening of legal mail does not state of claim of the denial of one's right to the access of court). Likewise, plaintiff has the right to practice religion under the protections of the First Amendment while incarcerated. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, the right again is not without limits. Id.; see also Thornburgh v. Abbott, 490 U.S. 410, 415 (1989); Turner v. Safley, 482 U.S. 78, 85 (1987).

Plaintiff has failed to show any harm to any legal matters because of the alleged mail incident or incidents. Likewise, plaintiff, as an inmate, does not have an unlimited right to hold personal property and religious publications. Defendants followed the policy and procedures in place at Bertie regarding the storage of personal property, mail, and other items, including legal materials. Defendants are cloaked with qualified immunity.

Accordingly, summary judgment for defendants is ALLOWED and the matter is CLOSED. Having GRANTED summary judgment for defendants, all other pending motions are DENIED as MOOT.

SO ORDERED, this the 18 day of November 2010.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE